**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MJQ INC. d/b/a NIEPCE INC.,

      Plaintiff,

v.

WANG XIANG PING d/b/a
JINJIANGSHICIZAOZHENDONGSHAN-
JINXINGJIANCAIJINGYING a/k/a HAIZI
XIHUAN STORE,

      Defendant.

Case No. 1:26-CV-06242

JURY TRIAL DEMANDED

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff MJQ Inc., doing business as Niepce Inc. ("Plaintiff"), by and through its undersigned counsel, brings this action against Defendant Wang Xiang Ping, doing business as the Amazon storefront "Jinjiangshicizaozhendongshanjinxingjiancaijingying" and also known as the Amazon storefront "HaiZi XiHuan Store" ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Plaintiff is the owner of a federally registered copyright in an original work of two-dimensional visual artwork. Defendant has reproduced, displayed, and distributed Plaintiff's copyrighted work without authorization in connection with the offer and sale of competing products on the Amazon.com online marketplace.

2.      Plaintiff initially enforced its rights through Amazon.com's notice-and-takedown procedures under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Defendant submitted a counter-notification under 17 U.S.C. § 512(g), and Amazon.com has advised that the accused listing will be restored unless Plaintiff files suit and notifies Amazon.com within ten (10)

1

business days. Plaintiff brings this action to vindicate its rights and to satisfy the requirements of 17 U.S.C. § 512(g)(2)(C).

## THE PARTIES

3. Plaintiff MJQ Inc. is a corporation that conducts business under the assumed name ("d/b/a") Niepce Inc., and operates the Amazon.com storefront "Niepce Inc." under Amazon Merchant ID A349RAH92DUG1S. Plaintiff is the owner by assignment of the copyright that is the subject of this action.

4. Upon information and belief, Defendant Wangxiangping is an individual residing in the People's Republic of China, with a mailing address of No. 14, Chaiqi Road, Dongshan Village, Jiaozhu Town, Jinjiang City, Quanzhou City, Fujian Province, China. Defendant operates one or more storefronts on the Amazon.com marketplace, including the storefront "Jinjiangshicizaozhendongshanjinxingjiancaijingying" under Amazon Seller ID ADLCYFVRYCJVH, and the storefront "HaiZi XiHuan Store," through which Defendant offers and sells goods to consumers in the United States, including in this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq..

6. This Court has personal jurisdiction over Defendant because Defendant, directly or through intermediaries, has transacted business within the State of Illinois and this judicial district by offering for sale and selling infringing products to consumers located in Illinois through the interactive Amazon.com marketplace, and has thereby purposefully directed its activities at residents of Illinois. Defendant's online storefront is accessible to and used by consumers in this

district, and Defendant ships products to consumers in this district. Defendant has further consented, in its counter-notification submitted to Amazon.com under 17 U.S.C. § 512(g), to the jurisdiction of any judicial district in which Amazon.com may be found and to accept service of process from the complaining party.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a), because Defendant is subject to personal jurisdiction in this district, a substantial part of the events giving rise to the claim occurred in this district, and Defendant may be found in this district through its sales to consumers located here.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Copyrighted Work

8.      The work at issue is an original two-dimensional artwork titled "Dragon Flames Logo" (the "Work"), consisting of a stylized circular emblem rendered in yellow and red, surrounded by stylized red flame elements. The Work is original to its author and embodies sufficient creative expression to be protected under the Copyright Act.

9.      The Work was created in 2020 and first published in the United States on October 27, 2020.

10.      The Work was authored by Matthew Zhou, who elected to be identified in the registration record as an anonymous author. Mr. Zhou registered the Work with the United States Copyright Office and, at the time of registration, was the sole owner of all right, title, and interest in and to the Work.

11.      On March 6, 2024, the United States Copyright Office issued a Certificate of Registration for the Work, Registration No. VA 2-394-479, with an effective date of registration

of March 6, 2024. A true and correct copy of the Certificate of Registration is attached as **Exhibit A**.

12.     By a written Copyright Assignment Agreement, Matthew Zhou, the author and original claimant of the Work, irrevocably assigned and transferred to Plaintiff all of his right, title, and interest in and to the Work, including the copyright registration identified above and all causes of action for past, present, and future infringement, together with the right to recover damages for such infringement. A true and correct copy of the Copyright Assignment Agreement is attached as **Exhibit B**.

13.     By virtue of the foregoing, Plaintiff is the owner of all right, title, and interest in and to the Work and the copyright therein, including the exclusive rights set forth in 17 U.S.C. § 106, and holds the right to enforce the copyright against infringers and to recover for past infringement.

**Defendant's Infringing Conduct**

14.     Plaintiff has used the Work in commerce in connection with the marketing and sale of its products on the Amazon.com marketplace, including in connection with the product listing identified by Amazon Standard Identification Number ("ASIN") B0BS9J8B62.

15.     Without Plaintiff's authorization, license, or consent, Defendant reproduced, displayed, and distributed the Work, or a substantially similar copy of the Work, in connection with the offer for sale and sale of products through Defendant's Amazon.com storefront identified by Seller ID ADLCYFVRYCJVH. See **Exhibit C**. Defendant's infringing products are offered under one or more ASINs, including ASIN B0BS9J8B62, ASIN B0BGH7Y6CK, and ASIN B0BGH9NSMC, each displaying a reproduction of the Work as an embroidered emblem on the chest of a hooded sweatshirt.

4

16. Defendant's use of the Work is unauthorized and constitutes a reproduction and public display of a work that is identical or substantially similar to Plaintiff's copyrighted Work. Defendant had access to Plaintiff's Work, which was publicly displayed in connection with Plaintiff's product listings on the same marketplace on which Defendant operates.

17. Plaintiff submitted a notification of claimed infringement to Amazon.com pursuant to 17 U.S.C. § 512(c), identifying Defendant's infringing listing. Amazon.com assigned the matter Complaint ID 20280178081 and removed or disabled access to the infringing material.

18. After Plaintiff's enforcement efforts caused one size variation of Defendant's infringing listing to be removed, Defendant altered the appearance of the accused product by inverting the orientation of the reproduced emblem on the chest of the garment while keeping the remainder of the design unchanged, and thereafter relisted and continued to sell the product. Defendant's alteration did not eliminate the reproduction of the protected expression embodied in the Work. Defendant's conduct reflects knowledge of Plaintiff's claim of infringement and a deliberate effort to evade enforcement while continuing to exploit the Work.

19. On or about February 4, 2026, Plaintiff, through its representatives, transmitted a cease-and-desist communication to Defendant demanding that Defendant cease its infringing conduct. Defendant did not comply and continued to offer the infringing products for sale until Plaintiff's further enforcement efforts resulted in the removal of the listing.

20. Defendant thereafter submitted a counter-notification to Amazon.com under 17 U.S.C. § 512(g), in which Defendant, identifying itself as "Wangxiangping," declared under penalty of perjury a good-faith belief that the material was removed or disabled as a result of mistake or misidentification, consented to the jurisdiction of any judicial district in which Amazon.com may be found, and agreed to accept service of process from Plaintiff.

21. Amazon.com notified Plaintiff that, pursuant to 17 U.S.C. § 512(g)(2)(C), the removed material would be restored and made accessible unless Plaintiff filed an action seeking a court order to restrain Defendant from infringing the Work and notified Amazon.com of that action within ten (10) business days. Plaintiff brings this action within that period.

22. Defendant's representation in its counter-notification that the material was removed by mistake or misidentification is false. Plaintiff is the owner of the registered copyright in the Work, and Defendant had no authorization to reproduce, display, or distribute the Work.

23. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law, including injury to Plaintiff's goodwill and the loss of sales and market position on the Amazon.com marketplace. Unless enjoined, Defendant will continue to infringe the Work.

## COUNT I

### Copyright Infringement (17 U.S.C. §§ 106, 501)

24. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

25. Plaintiff is the owner of a valid copyright in the Work, which is the subject of a valid Certificate of Registration issued by the United States Copyright Office, Registration No. VA 2-394-479.

26. The Work is original and constitutes copyrightable subject matter under the Copyright Act. As the owner of the copyright, Plaintiff holds the exclusive rights enumerated in 17 U.S.C. § 106, including the exclusive rights to reproduce the Work, to distribute copies of the Work, and to display the Work publicly.

27. Defendant has infringed Plaintiff's copyright in violation of 17 U.S.C. § 501 by reproducing, distributing, and publicly displaying the Work, or works substantially similar to the Work, without Plaintiff's authorization, in connection with the offer for sale and sale of products on Amazon.com.

28. Defendant's acts of infringement were committed willfully and with knowledge of Plaintiff's rights, or with reckless disregard for those rights. Defendant's willfulness is evidenced by, among other things, Defendant's alteration of the accused product to evade Plaintiff's enforcement efforts while continuing to reproduce the Work, Defendant's continued sales after receiving a cease-and-desist communication, and Defendant's submission of a counter-notification falsely asserting that the infringing material was removed by mistake or misidentification.

29. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, damages. Plaintiff is entitled to recover its actual damages and Defendant's profits attributable to the infringement under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c), together with costs and attorneys' fees under 17 U.S.C. § 505, to the extent recoverable.

30. Plaintiff is further entitled to injunctive relief under 17 U.S.C. § 502 to restrain Defendant's continuing infringement, and to an order under 17 U.S.C. § 503 providing for the impounding and disposition of infringing materials.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed Plaintiff's copyright in the Work in violation of 17 U.S.C. § 501;

B.      Preliminarily and permanently enjoining Defendant, and all those acting in concert with Defendant, from reproducing, distributing, displaying, or otherwise infringing the Work, including on the Amazon.com marketplace, pursuant to 17 U.S.C. § 502;

C.      Ordering that Amazon.com maintain the disabling of, and refrain from restoring, the infringing listings (including ASIN B0BS9J8B62, ASIN B0BGH7Y6CK, and ASIN B0BGH9NSMC) and any other listing displaying the Work;

D.      Awarding Plaintiff its actual damages and Defendant's profits under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c);

E.      Ordering the impounding and disposition of all infringing materials under 17 U.S.C. § 503;

F.      Awarding Plaintiff its costs and reasonable attorneys' fees under 17 U.S.C. § 505, to the extent recoverable;

G.      Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law; and

H.      Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 28, 2026                                  Respectfully submitted,

By: /s/ Nicholas S. Lee
Nicholas S. Lee
THE LAW OFFICE OF NICHOLAS LEE
332 S. Michigan Ave., Suite 900
Chicago, IL 60604
Tel: (224) 360-3293
nslee@nslegal-ip.com

*Counsel for Plaintiff MJQ, Inc. d/b/a Niepce, Inc.*

8